Bert ARNOTE, (Plaintiff) Respondent,

v.

Glen A. SCHREFFLER and Letha Schreffler, (Defendants) Appellants.

No. 22658.

Kansas City Court of Appeals. Missouri.

Dec. 2, 1957.

Russell N. Pickett, Eugene E. Andereck, Phil Hauck, Pickett, Andereck & Hauck, Trenton, for appellant.

John E. Powell, A. B. Walker, Princeton, for respondent.

CAVE, Judge.

This is a suit for a real estate commission. A jury trial resulted in a verdict for the defendants. The court sustained plaintiff's motion for new trial on several grounds, one of which was that the verdict was against the weight of the evidence. Defendants appealed. The amount involved is $936, and this court has jurisdiction. Secs. 3 and 13, Art. V, Constitution, V.A. M.S.

One feature of this controversy was decided by the supreme court in an opinion handed down on November 12th, inst., and we will take notice of certain issues decided therein.

Plaintiff was a licensed real estate broker of Princeton, Missouri. In August, 1955, Glen Schreffler asked plaintiff, Arnote, to find a buyer for his farm of 240 acres located in Mercer County. They discussed the price to be asked and the defendant said he wanted $100 per acre. Arnote told Schreffler that his commission would be 5% of the sale price. Shortly thereafter, Arnote contacted Earl Ragan and showed him defendants' farm. On September 24th, Arnote, Ragan and Schreffler met and discussed the terms of sale, and it was finally agreed that Ragan would purchase the farm at $78 per acre. At that time Arnote wrote, in long hand, a memorandum agreement, which was signed by Ragan and Schreffler. It reads:

> "This agreement made and entered into this 24 da of Sept by and between Glen Schressler party of the first part and Earl Ragan party of the second part where by party of the First part sells his farm of 240 acres * * * for ($78.00) seventy eight dollers pr acre to second party—second party to secure a Government loan and pay on January or before March 1st 1956 at time of delivery of clear Deed abstract & possession March 1, 1956."

Very soon after the execution of this agreement, Ragan applied for a Farmers Home Administration loan; and on September 30th, Ragan and the Schrefflers went to the F. H. A. office in Princeton and executed an "option for purchase of farm with a loan insured or made by the United States of America". The option was irrevocable for a period of three months from the date thereof. It contained express provisions relative to sale price; that abstract was to be delivered "when required"; that the "seller" was to provide

title insurance; that possession was to be given March 1st, 1956, and payment of purchase price to be made upon the delivery of the deed. On December 8, 1955, the F. H. A. loan to Ragan was approved; and on December 16th, Ragan mailed notice to the Schrefflers of his acceptance of the option. On December 17th, a letter signed by defendant Letha Schreffler was sent to Arnote. It reads: "As we can not get the money on the farm until the 1st of March we have called the sale off, as I have the farm rented until the 1st of March and I will not move them out until the time is out * * * and if I can't get the money until then that will call my deal off so I am sorry." Defendants refused to complete the sale.

Thereafter, Ragan and wife filed suit against the Schrefflers for specific performance of the contract. That suit in equity was tried by Judge Rose, and he rendered judgment ordering specific performance. The Schrefflers appealed to the supreme court, and on November 12, 1957, that court affirmed the judgment. As stated supra, we take notice of the opinion in the equity case because it, in effect, disposes of some of the issues raised on this appeal.

The oral testimony in the instant case, as well as in the case decided by the supreme court, concerned Glen Schreffler's understanding of the memorandum agreement of September 24th; and that he and his wife did not understand the terms and provisions of the option agreement signed September 30th. He testified that he told Arnote at the time of the execution of the agreement on September 24th that he wanted to be paid the purchase price of the farm before January 1st so that he could notify his tenant to vacate; and that he would not deliver the deed or possession until March 1st following. He also testified that he could not read; that the option agreement was not read to him; and that he did not understand its terms and provisions. The evidence on both issues was conflicting.

We will not set out in detail the oral testimony concerning the conversations resulting in the signing of the original agreement or in the signing of the subsequent option agreement, because the pertinent part of such evidence is detailed in the supreme court decision and need not be restated here. It is sufficient to say that the defendants contend in this case, as they did in the equity case, that Arnote did not sell their farm on the terms and conditions authorized by them and that they did not understand the terms and provisions of the option agreement which they later signed.

In disposing of these contentions, the supreme court held that there was no evidence of fraud or misrepresentation or that the defendants were overreached in any way; that the agreement of September 24th was merged in or superseded by the option agreement insofar as the terms of the two instruments were inconsistent; and that the defendants were bound by said option agreement, and ordered specific performance thereof.

Relative to the issue in the instant case of whether the defendants should be obligated to pay the real estate agent his commission, it is undisputed that defendants employed him to procure a purchaser for their farm; that he did produce a purchaser; and, under the supreme court decision, the defendants ultimately entered into a binding contract with such purchaser to sell the farm.

The question for our decision is whether the trial court could properly sustain the motion for new trial on the ground that the verdict, in the instant case, was against the weight of the evidence.

■ It is the settled law that a trial court is vested with inherent and broad discretion in granting one new trial upon the ground that the verdict is against the weight of the evidence; and that its ruling upon that ground will not be disturbed on appeal except in cases of manifest abuse. Section 510.330 RSMo 1949, V.A.M.S.; Dawson v. Scherff, Mo., 281 S.W.2d 825, 831.

■ Under the circumstances outlined supra, we certainly cannot say that the trial court manifestly abused its discretion in sustaining plaintiff's motion for new trial on the ground that the verdict is against the weight of the evidence. The other grounds assigned by the court for sustaining the motion relate to the giving of certain instructions. We need not discuss these additional grounds because if this case should be retried, no doubt the issues and the instructions will be presented in conformity with the opinion of the supreme court referred to supra.

The order sustaining the motion for new trial is affirmed.

All concur.